```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

BOOKER DIGGINS                                CIVIL ACTION

VERSUS                                        NUMBER: 06-6263

BURL CAIN, WARDEN                             SECTION: "R"(5)

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Booker Diggins, and the State's response thereto. (Rec. docs. 1, 11). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Booker's petition be dismissed with prejudice.

Petitioner Diggins is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On January 25, 1988, Diggins was found guilty of one count of aggravated rape, one count of armed robbery, and one count of conspiracy to commit armed robbery after trial, by jury, in the

Criminal District Court for the Parish of Orleans.  On February 18, 1988, Diggins was sentenced to consecutive jail terms of life, thirty years, and five years, respectively, without benefit of parole, probation, or suspension of sentence.  Diggins' conviction was affirmed by the Louisiana Fourth Circuit Court of Appeal on March 14, 1990.  State v. Washington, et al., 558 So.2d 1302 (La. App. 4th Cir. 1990).  Writs were denied by the Louisiana Supreme Court on June 29, 1990.  State v. Washington, et al., 565 So.2d 441 (La. 1990).  Diggins' conviction became final ninety days later, or September 28, 1990, when the delays for seeking a writ of certiorari from the U.S. Supreme Court expired and no application therefor was made.  See U.S. Sup. Ct. R. 13(1); Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999), cert. denied, 529 U.S. 1099, 120 S.Ct. 1834 (2000)(citing 28 U.S.C. §2244(d)(1)(A)).

As part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), Congress amended 28 U.S.C. §2244(d) to now impose a time limit within which state prisoners must apply for federal habeas corpus relief, as follows:

>   (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>       (A)  the date of which the judgment became final by the

                conclusion of direct review or the expiration of the time for seeking such review;
- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

    For prisoners like Diggins whose convictions became final before the enactment of the AEDPA, the jurisprudence allows them one year from its effective date, or until April 24, 1997, within which to timely seek habeas relief, <u>Flanagan v. Johnson</u>, 154 F.3d 196, 202 (5th Cir. 1998), excluding any tolling time under §2244(d)(2). <u>Sonnier v. Johnson</u>, 161 F.3d 941, 944-45 (5th Cir. 1998). Although the State has done so in this case, the one-year time bar may be raised by the Court <u>sua sponte</u>. <u>Kiser v. Johnson</u>, 163 F.3d 326, 328-29 (5th Cir. 1999).

    A thorough review of the state court record does not reveal that Diggins had any challenges to his conviction pending before the state courts between April 24, 1996, the effective date of the AEDPA, and April 24, 1997, the expiration of the one-year grace

period allowed by Flanagan.  Petitioner has not enlightened the Court with any such challenges by way of a traverse to the State's response as allowed by 28 U.S.C. §2248 ("[t]he allegations of ... an answer ... in an habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").  That being the case, measured under the provisions of §2244(d)(1)(A), Diggins' petition is untimely.

Section 2244(d)(1)(C) is obviously inapplicable to Diggins' situation.

As Diggins' first claim for relief involves the alleged suppression of Brady[1]/ material, the question becomes whether such withholding constitutes a state-created impediment that prevented Diggins from filing his petition in a timely fashion as contemplated by Section 2244 (d)(1)(B).  Alternatively, the Court has considered whether the non-production of that material deprived him of the factual predicate of his claim which could not have been discovered sooner through the exercise of due diligence as contemplated by Section 2244 (d)(1)(D).  For the reasons that follow, the Court answers that question in the negative.

At Diggins' trial, much of the investigating detective's

---

[1]/ See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963).

4

testimony centered on her preparation of police reports generated as a result of the crimes in question. (Trans. of Jan. 21, 1998, pp. 111, et seq.). The defense obviously had the detective's initial report in hand as counsel for Diggins' co-defendant questioned the detective at length as to its contents and marked it as exhibit D-W1. (Id. at. pp. 133, et seq.). The detective then testified to incorporating information she had in rough notes into a computer-based supplemental report, whereupon Diggins' co-defendant moved that it be produced. (Id. at pp. 146-151). After conducting an in camera review of the supplemental report, the trial judge ordered that portions of it be given over to the defense. (Id. at pp. 153-154). Diggins' counsel objected that the report in full should have been provided to the defense, an issue that would later be litigated in Diggins' direct criminal appeal. (Id. at p. 155). Detective Burkhart also testified to receiving various reports from the Coroner's Office. (Id. at p. 167).

On direct appeal, one of the assignments of error urged by Diggins was that the trial judge's in camera review of the supplemental police report was done too hastily. Washington, et al., 558 So.2d at 1306. In disposing of that claim, the Louisiana Fourth Circuit Court of Appeal observed that:

> ... at oral argument this court supplied defense counsel for Diggins with a copy of the entire report and gave him an opportunity to

> file a supplemental brief.  He declined to do
> so.  However, we have reviewed the report and
> find no Brady material.  This assignment lacks
> merit.
>
> Id.

As the foregoing readily illustrates, Diggins was thus aware no later than January 21, 1988 that a supplemental police report as well as medical reports pertaining to the victim existed.

As noted earlier, Diggins' conviction became final on September 28, 1990.  It was at that point that the district attorney's file became subject to disclosure as a public record under the Louisiana Public Records Act.  See Ballay v. Louisiana, 2007 WL 4413990 at *5 (E.D. La. 2007).  The State's failure to provide Diggins with the reports in question sooner did not prevent him from filing a habeas petition so as to qualify for statutory tolling under §2244(d)(1)(B).  Jackson v. Dretke, 2006 WL 536637 at *2 (N.D. Tex. 2006); United States v. Tamfu, 2002 WL 31452410 at *4 (N.D. Tex. 2002).  Indeed, Diggins could have filed his habeas petition anytime after his conviction became final and he could have sought production of the supplemental reports through discovery.  Jackson, 2006 WL 536637 at *2.  The provisions of §2244(d)(1)(B) do not render Diggins' petition timely.

Measured under §2244(d)(1)(D), Diggins fares no better.  When he was made aware of the existence of the reports at the time of

trial, he was at that point made aware of the "factual predicate" of the claim and the one-year limitation period was not tolled until he actually obtained a copy of the reports in question. Ballay, 2007 WL 4413990 at *4 (citing Flanagan v. Johnson, 154 F.3d 196, 198-99 (5th Cir. 1998)("knowledge of the claim is the triggering event; the limitations period is not delayed while a petitioner gathers evidence in support of a claim of which he has knowledge")); Jackson, 2006 WL 536637 at *3.  That being the case, Diggins' petition is untimely under §2244(d)(1)(D) as well.  As no facts have been presented warranting the application of equitable tolling, Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564 (2000), it will be recommended that Diggins' petition be dismissed with prejudice.

### RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Booker Diggins be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this  21st  day of     October     , 2008.

                                               ALMA L. CHASEZ
                                 UNITED STATES MAGISTRATE JUDGE